GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY, SBN 295174
mcooney@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
kmagallanes@gibsondunn.com
3161 Michelson Drive
Suite 1200
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

GIBSON, DUNN & CRUTCHER LLP
SAMUEL ECKMAN, SBN 308923
seckman@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
LINEAGE LOGISTICS SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEITH RICHARD, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 5:25-cv-02141

**DEFENDANT LINEAGE LOGISTICS SERVICES, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**

(San Bernardino County Superior Court Case No. CIVSB2517328)

Date Action Filed: June 17, 2025

## TABLE OF CONTENTS

**Page**


I. TIMELINESS OF REMOVAL .......... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL .......... 1

A. The Proposed Class Consists of More Than 100 Members .......... 3

B. Defendant and Plaintiff Are Not Citizens of the Same State .......... 4

C. The Amount in Controversy Exceeds $5 Million .......... 4

1. Plaintiff's Waiting Time Claim Alone Places More Than $6 Million in Controversy .......... 6

2. Lineage Has Satisfied Its Burden Under CAFA and No Exception is Applicable .......... 9

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THE COURT IS PROPER .......... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) .......... 4

*Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126 (9th Cir. 2019) .......... 1

*Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) .......... 5, 6

*Ayala v. Cox Auto., Inc.*, 2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) .......... 4

*Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646 (9th Cir. 2012) .......... 5

*Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) .......... 8, 9

*Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81 (2014) .......... 5, 6

*Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009) .......... 4

*Hurt v. SH Grp. Hotels & Residence U.S. LLC*, 2024 WL 5244725 (C.D. Cal. Dec. 30, 2024) .......... 4

*Jack v. Ring LLC*, 553 F. Supp. 3d 711 (N.D. Cal. 2021) .......... 4

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983) .......... 4

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) .......... 6

*LaCross v. Knight Transp. Inc.*, 775 F.3d 1200 (9th Cir. 2015) .......... 5

*Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395 (9th Cir. 2010) .......... 5

*Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230 (C.D. Cal. 2019) .......... 7, 9

*Mamika v. Barca*, 68 Cal. App. 4th 487 (1998) .......... 8

## TABLE OF AUTHORITIES
(continued)

**Page**

*Marentes v. Key Energy Servs. Cal., Inc.*,
2015 WL 756516 (E.D. Cal. Feb. 23, 2015) .......... 7, 8

*Muniz v. Pilot Travel Ctrs. LLC*,
2007 WL 1302504 (E.D. Cal. May 1, 2007) .......... 7, 9

*Murphy v. Kenneth Cole Prods., Inc.*,
40 Cal. 4th 1094 (2007) .......... 6

*Salter v. Quality Carriers, Inc.*,
974 F.3d 959 (9th Cir. 2020) .......... 5, 6

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) .......... 10

*Std. Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) .......... 5

*Tajonar v. Echosphere, L.L.C.*,
2015 WL 4064642 (S.D. Cal. July 2, 2015) .......... 8

**Statutes**

28 U.S.C. § 84(c)(1) .......... 11

28 U.S.C. § 1332 .......... *passim*

28 U.S.C. § 1441 .......... 1, 11

28 U.S.C. § 1446 .......... 1, 11

28 U.S.C. § 1453 .......... 1, 11

Cal. Civ. Proc. Code § 203 .......... 6

Cal. Civ. Proc. Code § 338(a) .......... 6

**Regulations**

Cal. Code Regs. tit. 8, § 13520 .......... 7, 8

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KEITH RICHARD, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Lineage Logistics, LLC ("Lineage") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. CIVSB2517328 in the Superior Court for the County of San Bernardino, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Keith Richard ("Plaintiff") filed a putative Class Action Complaint against Lineage in the Superior Court for the County of San Bernardino, State of California, Case No. CIVSB2517328, on June 17, 2025. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Certificate of Assignment, (e) Notice of Case Assignment, (f) Notice of Acknowledgement of Receipt, (g) Proof of Service of Summons, and (h) Notice of Change of Address are attached as Exhibits A–H to the Declaration of Megan Cooney ("Cooney Decl.") filed concurrently with this notice.

2. On July 18, 2025, Lineage timely executed and returned the Notice and Acknowledgement of Receipt Forms to counsel for Plaintiff. Consequently, service was completed on July 18, 2025. *See* Cal. Civ. Proc. § 415.30(c). This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b); *see Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against

Lineage pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. §1332(d)(1)(B); *see also* Cooney Decl., Ex. B ("Compl.") ¶ 22.

5. Plaintiff purports to represent a class of "[a]ll persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time [from June 17, 2021] and ending when notice to the Class is sent." Compl. ¶ 24. Plaintiff also asks the Court to certify the action "as a class action with respect to the [all eight] Causes of Action" and award damages and impose penalties on behalf of him and the putative class. *Id.*, Prayer for Relief.

6. In his Complaint, Plaintiff alleges eight causes of action against Lineage: (1) Failure to Pay Minimum Wage and Straight Time Wages [Cal. Lab. Code, §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Wages [Cal. Lab. Code, §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code, §§ 226.7 and 512]; (4) Failure to Authorize and Permit Rest Periods [Cal. Lab. Code, § 226.7]; (5) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code, §§ 201-203]; (6) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code, § 226]; (7) Failure to Indemnify Employees for Expenditures [Cal. Lab. Code, § 2802]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq.*]. *See generally* Compl.

7. Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, including statutory penalties for wages earned and unpaid at time of termination, restitution, interest, and attorney's fees and costs. *Id.*, Prayer for Relief.

8. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Lineage denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class. Lineage also intends to oppose class certification on multiple grounds, including that class treatment is inappropriate under these circumstances, in part because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent, as well as amongst the putative class members. Lineage expressly reserves all rights to oppose class certification and contest the merits of all claims asserted in the Complaint. For purposes of the jurisdictional requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d).

**A. The Proposed Class Consists of More Than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed class consists of "[a]ll persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time [from June 17, 2021] and ending when notice to the Class is sent." Compl. ¶ 24. Based on Plaintiff's definition, the putative class contains at least 1,363 non-exempt employees. Cooney Decl., Ex. I ("Murphy Decl.") ¶ 6.

12. Accordingly, while Lineage denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

**B. Defendant and Plaintiff Are Not Citizens of the Same State**

13. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

14. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is a "resident of California." Compl. ¶ 7. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

15. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Under CAFA, an LLC is considered an "unincorporated association" whose citizenship is determined by "'its principal place of business and the State under whose laws it was organized.'" *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714 (N.D. Cal. 2021) (quoting 28 U.S.C. § 1332(d)(10)); *see also Hurt v. SH Grp. Hotels & Residence U.S. LLC*, 2024 WL 5244725, at *2 (C.D. Cal. Dec. 30, 2024). Lineage is a limited liability company organized under the laws of Delaware and has its principal place of business in Novi, Michigan. Declaration of Brian Golper at ¶ 3. As such, Lineage is a citizen of Delaware and Michigan. *See Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 684 (9th Cir. 2006); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, & n.13 (9th Cir. 2009) (Kleinfeld, J., concurring).

16. Accordingly, Plaintiff and Lineage are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million**

17. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the

amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotations and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in disputes, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, a plaintiff seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

19. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

20. Lineage reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (internal quotation marks and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

21. Although Lineage denies that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

**1. Plaintiff's Waiting Time Claim Alone Places More Than $6 Million in Controversy**

22. Plaintiff's claim for waiting time penalties places more than $6.4 million in controversy. Plaintiff alleges that he and other putative class members who ended their employment with Lineage during the three year period[1] prior to filing this Complaint—June 17, 2022–June 17, 2025—are "entitled to recover" waiting time penalties "at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203." Compl. ¶ 63. Plaintiff also asserts claims for unpaid wages for overtime

[1] The statute of limitations for a waiting time claim under Labor Code Section 203 is three years. Cal. Civ. Proc. Code §§ 203, 338(a); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1108–09 (2007).

violations and meal and rest period violations, but fails to allege how many violations occurred. For example, Plaintiff alleges that Lineage "*regularly*, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work" and "*regularly* required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted." Compl. ¶¶ 16, 17 (emphasis added). Thus, as discussed further below, based on Plaintiff's broad allegations, it is reasonable to assume for purposes of calculating the amount in controversy that each putative class member has at least one unpaid wage violation in controversy and that each terminated putative class member therefore has waiting time penalties at issue in this action. *See Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also, e.g.*, *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (using 100% violation rate where plaintiff did not specifically allege the frequency of violations); *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1236–37 (C.D. Cal. 2019) (citing cases adopting a 100% violation rate based on cursory allegations).

23. If an employer fails to pay all wages due to an employee at the time of termination, as required by California Labor Code section 201, or within 72 hours after resignation, as required by California Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203. An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed. Cal. Code Regs. tit. 8, § 13520. Further, to be liable for waiting time penalties, an employer's failure to pay wages within the statutory

time frame must be *willful*. *See* Cal. Lab. Code § 203. "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer *intentionally* fails to pay wages to an employee when those wages are due." Cal. Code Regs. tit. 8, § 13520 (emphasis added).

24. To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (similar). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members" when estimating that amount in controversy under CAFA. *Marentes*, 2015 WL 756516, at *9; *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where a plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

25. Lineage denies that any such penalties are owed to Plaintiff or any putative class members. However, for purposes of this jurisdictional analysis only, Lineage relies on Plaintiff's allegations that the penalties are owed. Plaintiff alleges that Lineage's "failure to timely pay Plaintiff's final wages when his employment terminated *was not a single, isolated incident*, but was instead consistent with Defendants' policy and practice that applied to Plaintiff and the Class." Compl. ¶ 18 (emphasis added). Accordingly, Plaintiff alleges that Lineage must pay "thirty (30) days" of waiting time penalties to Plaintiff and any other putative class members who were "terminated by quitting or discharge[d]" during the class period. *Id.* ¶¶ 60, 62. Based on these allegations, it is reasonable to assume for the purposes of this jurisdictional analysis

only, that each terminated putative class member is entitled to the thirty days' wages by virtue of having at least one unpaid wage violation in controversy. *See Crummie*, 2017 WL 4544747, at *3; *see also, e.g.*, *Muniz*, 2007 WL 1302504, at *4; *Lopez*, 427 F. Supp. 3d at 1236–37.

26. In 2023 alone, at least approximately 1,363 full-time, non-exempt employees separated their employment with Lineage in California. Murphy Decl. ¶ 6. Those employees regularly worked 40 hours per workweek and the average hourly rate for those workweeks was $19.57. *Id.* ¶ 3.

27. If, as Plaintiff alleges, individuals who left the employment of Lineage during just one of the three years preceding the filing of the Complaint were owed waiting time penalties, the amount in controversy for this claim alone would exceed **$6.4 million**. The calculation is as follows:

| | |
|---|---|
| $19.57 average hourly rate x 8 hours per day[2] | $156.56 daily wages |
| $156.56 x 30 days penalty | $4,696.80 per employee |
| Conservative estimate of amount in controversy for waiting time penalty claim based on Plaintiff's allegations ($4,696.80 x 1,363 employees) | **$6,401,738.40** |

28. Thus, the amount in controversy alleged by Plaintiff on this claim alone places at least $6.4 million in controversy, and this calculation does not even include penalties allegedly owed to (i) full time employees who were discharged or terminated from their employment with Lineage after December 31, 2023, and (ii) any part time or temporary employees of Lineage.[3]

### 2. Lineage Has Satisfied Its Burden Under CAFA and No Exception is Applicable

[2] This is a conservative estimate based on the fact that full-time Lineage employees are expected to work 8 hours per shift, but many work more. *See* Murphy Decl. ¶ 3.

[3] Plaintiff's counsel have even acknowledged that the amount placed in controversy in their earlier filed case, *Charles Mitchell v. Lineage Logistics Services, LLC* (Case No. 2:24-cv-02099, E.D. Cal), satisfies the jurisdictional requirement by voluntarily withdrawing their motion for remand based on this evidence. *See id.* Dkt Nos. 17, 19.

29. In summary, Plaintiff's allegations regarding failure to pay wages earned and owed at termination place more than $6.4 million in controversy. This amount in controversy calculation underestimates the total amount placed in controversy by Plaintiff's Complaint because it is based on conservative assumptions, excludes any potential recovery of waiting time penalties for all putative class members who were not terminated or discharged in 2023, excludes any potential recovery under Plaintiff's seven other causes of action, as well as any potential recovery of attorneys' fees on those claims.

30. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

31. Because Lineage has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. Lineage expressly reserve their right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

## III. THIS COURT HAS JURISDICTION AND REMOVAL TO THE COURT IS PROPER

32. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

33. The United States District Court for the Central District of California is the federal judicial district in which the San Bernardino County Superior Court sits. This action was originally filed in the San Bernardino County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c)(1); *see also* 28 U.S.C. § 1441(a).

34. True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Certificate of Assignment, (e) Notice of Case Assignment, (f) Notice of Acknowledgement of Receipt, (g) Proof of Service of Summons, and (h) Notice of Change of Address are attached as Exhibits A–H to the Declaration of Megan Cooney ("Cooney Decl.") filed concurrently with this notice. These filings constitute the complete record of all records and proceedings in the state court.

35. Upon filing the Notice of Removal, Lineage will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the San Bernardino Superior Court, pursuant to 28 U.S.C. § 1446(d).

DATED: August 15, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY
SAMUEL ECKMAN
KATIE M. MAGALLANES

By: */s/ Megan Cooney*
Megan Cooney

Attorneys for Defendant
LINEAGE LOGISTICS SERVICES, LLC